Peabson, C. J.
 

 It may be, there is some force in the suggestion, that the words “ begotten at
 
 present
 
 or hereafter,” exclude the idea, that “ heirs” was used in its technical sense, for “
 
 nemo est hceres
 
 viwentisand fix its meaning, so as to vest an interest in the children of Patience, subject to a life-estate of Patience and Jacob Stevens in one set of the negroes, and to the life-estate of Rachel Pearce, and a contingent life-estate of said Patience and Jacob in the other set. But it is not necessary to decide the question ; for, in neither view of it, is the plaintiff entitled to the slaves in controversy, or any part of them, in the manner set forth in the bill, and consequently the
 
 clemwrer
 
 must be sustained, and the bill dismissed.
 

 If the word “ heirs” is taken as a word of limitation, so as to vest the absolute estate in Patience Stevens, under the rule in Shelley’s case, the claim of the plaintiff is admitted to be unfounded, for the title would then have passed presently to Jacob, the husband,
 
 j-ure
 
 mariiA, as to one set of the slaves; as to the other set, it would have passed, on the death of Rachel in 1825, to him in the-same way. If the word “heirs” is taken as a word of purchase, it would include any child of Patience, so as to give a vested interest, subject to the life-estate; consequently, the share of Joanna, who was a child of Patience, born in the life-time of Rachel, at her death devolved upon her personal representative; and there is no ground upon which the plaintiff, who is the child of Joanna, can claim that sljare.. It' is well settled that .not only a vested in
 
 *390
 
 terest, such as that given to the children of Patience Stevens, but a contingent remainder, or contingent executory bequest, or a future contingent trust,
 
 where the person is
 
 certain, is
 
 transmissible
 
 by descent, in case of realty, and devolves upon the personal representative in case of personalty. In this case, at the birth of each child of Patience Stevens, a share vested in it, and was not divested by death.
 
 Sanderlin
 
 v. Deford, 2 Jones’ 74.
 

 Per Curiam, Dismissed.